### CHARLES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1910.)

#### No. 2,092.

APPEAL AND ERROR (§ 19*)—DETERMINATION—DECISION INOPERATIVE.

Where a decree in favor of the United States condemning certain food products as in violation of Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), and ordering their destruction by the marshal, has been fully executed, and the costs taxed against the claimant have been voluntarily paid, there is nothing on which the decision of an appellate court can operate, and it will not review the case on appeal or writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80; Dec. Dig. § 19.*]

In Error to the District Court of the United States for the Northern District of Texas.

Proceeding by the United States for the condemnation of food products as adulterated; R. G. Charles, claimant. Decree of condemnation, and claimant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. A. Williams, M. A. Spoonts, Geo. Thompson, and J. H. Barwise, Jr., for plaintiff in error.

Wm. H. Atwell, for the United States.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this case the lower court found and decreed on evidence supporting the same, as follows:

"On this day came on to be heard the above entitled and numbered cause, and R. G. Charles appeared as claimant to the property therein libeled, after having given cost bond as required by the statute, and thereupon came the United States of America, libelants, by their district attorney, William H. Atwell, and the claimant in person and by his attorneys, and each and all announced ready for trial.

"The matters of law, as well as of fact, being submitted to the court without a jury, the court is of the opinion, after having heard the pleadings and testimony, and being advised as to the law, and having heard the argument of counsel, that the allegations of the libel are true, and that the tomatoes libeled are interstate commerce, from the state of Maryland to the state of Texas, intended for food, and that a portion of the 2,000 cases of canned tomatoes is unfit for food, in that the same is decomposed and contains putrid matter, and further that the same contains salts of tin, an ingredient deleterious to health; and it further appearing to the court that there are in said 2,000 cases of canned tomatoes some good cans and some bad cans, as hereinbefore described; and it further appearing to the court that the said 2,000 cases of canned tomatoes were seized by the United States marshal under the said libel, and from the return of the said officer it appears that the same said 2,000 cases of canned tomatoes are still in his possession:

"Now, therefore, it is ordered, adjudged, and decreed that the said United States marshal for the Northern district of Texas shall separate the good cans from the bad cans, which said bad cans are herein and hereby condemned, and that after such separation the said marshal shall deliver to the claimant, R. G. Charles, such cans as are good, and shall destroy such cans as are bad. It is further ordered, adjudged, and decreed that the costs of this proceeding shall be taxed against the claimant, the said R. G. Charles, and that the marshal shall be reimbursed for such expenses in carrying out this judgment as under the law he is entitled to, to be charged and taxed as other costs."

This decree was executed by the marshal and acquiesced in by the claimant, who received the good cans and paid the costs.

Now, whether we consider the case here to be on writ of error or in the nature of an appeal and all of the assignments of error to be well taken, the only actual relief lies in the matter of costs, which, in the court below, have been voluntarily paid by plaintiff in error, and in no case can be adjudged against the United States (Stanley v. Schwalby, 162 U. S. 255–272, 16 Sup. Ct. 754, 40 L. Ed. 960); and which in admiralty practice are within the discretion of the court, from which no appeal lies (Dubois v. Kirk, 158 U. S. 58–67, 15 Sup. Ct. 729, 39 L. Ed. 895, and cases cited), unless perhaps in case of gross abuse of discretion.

We therefore decline to consider the questions argued as to the constitutionality of Pure Food and Drugs Act June 6, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), and as to the construction of that act in regard to whether manufacturers can ex-

empt their goods from seizure thereunder by contract and surety from consignees not to violate the act, and other questions that seem to be academic.

The decree of the District Court is affirmed.